<div style="writing-mode: vertical-rl">**United States District Court**
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BESS BAIR, TRISHA LEE LOTUS, BRUCE EDWARDS, JEFFREY HEDIN, LOREEN ELIASON, ENVIRONMENTAL PROTECTION INFORMATION CENTER, a non-profit corporation, CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, and CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,

Plaintiffs,

v.

STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION, and CINDY McKIM, in her official capacity as Director of the State of California Department of Transportation,

Defendants.
                                                                      /

No. C 10-04360 WHA

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER PROHIBITING DEFENDANTS' USE OF WITNESSES DUE TO FAILURE TO DISCLOSE WITNESSES PURSUANT TO F.R.C.P. RULE 26(a)**

FRCP 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiffs move for an order prohibiting defendants' use of witnesses due to their failure to disclose witnesses pursuant to FRCP 26(a). Because FRCP 37(c)(1) must be enforced according to its terms, plaintiffs' motion is **GRANTED**.

The answer to this motion follows from a straightforward recitation of the initial case management conference proceedings. On January 6, 2011, there was an initial case management conference in this matter, at which the following dialogue occurred:

| | | |
|---|---|---|
| 1 | The Court: | First of all, have you done your initial disclosures? |
| 2 | Defense counsel: | No. And there is a point of correction there, your Honor. In the case — joint case management conference statement, plaintiffs have indicated that they want initial disclosures tomorrow. And initially I had thought that that was appropriate. However, in hindsight, what — something I should correct in the case management conference statement is that probably initial disclosures are not appropriate in this case, unless the Court deems that it is, because it will be under 26(b)(1), it will be tried on administrative record, so it may be you may have solved that problem already. |
| 8 | The Court: | You could just say the administrative record would be your documents. |
| 9 | Defense counsel: | Right. That's why, yeah. |
| 10 | The Court: | And then, you know, whatever you're going to rely on. You don't have to actually produce the documents. You just have to identify them with sufficient particularity, that someone could turn around and then say, "Okay. I now request the" — in an employment case, the employment file. |
| 14 | Defense counsel: | Right. |
| 15 | The Court: | In this case, I guess, the administrative record. So — *but you do need to do your initial disclosures*. So I'm going to give you until the 14th to do that.<br><br>I'll give you until January 31 to add any new party or pleading amendments; to at least seek leave to do that. The fact discovery cutoff will be September 30. And your expert reports are due September 30, if you have the burden of proof on an issue. And then I'm going to come back to the solution to the administrative-record problem, but just to move ahead, the last date to file summary judgment will be November 3rd. Final pretrial conference will be December 19th. And then a Bench trial on January 9, next year; one year away, more or less.<br><br>Okay. Here is the solution to the administrative record problem. And this works pretty well. If you — now, I'm indicating the defense. *If the defendant really does think that the case can be resolved on an administrative record* — and it may be that that's true, but I don't agree or disagree with that yet — *the way to tee that up is for you to file an early summary-judgment motion, and to file simultaneously with it what you claim is the administrative record*. Step one. Step two would then be for the plaintiff to oppose summary judgment. And, if you think discovery is in order, do a 56(f) affidavit that lays out the specific areas that you want discovery in. Then, in your reply, the defendant would come back and say, "Oh, no. Nobody |

2

> needs that discovery. This is" — and here's — you know, you go down each item, and explain why it would be irrelevant, or you might need it, or whatever the reason is. And that brings into sharp focus what the areas of disagreement are on discovery.
>
> That works pretty well. I've used this in a lot of ERISA cases. It really helps me understand. In about half of the — at least in the ERISA cases, about half the time, I don't think it's material. Now, this is not that kind of a case. This is not ERISA. This is — this is, allegedly, administrative-record review, but I can — it's still — it fits into this. It's a good way to tee it up.
>
> So I'm going to allow you — you don't have to wait until November to file a summary judgment. You could file it tomorrow, with your administrative record; *but in the meantime, I'm not going to bar discovery requests, but you — the sooner you file your motion with your administrative record, and convince me that you can decide this case on an administrative record, then the sooner you don't have to worry about discovery*.
>
> Defense counsel:   Very well, your Honor.

(Tr. 6–9 (italics added)). A case management scheduling order was then entered. Consistent with the dialogue at the case management conference, it stated:

> All initial disclosures under FRCP 26 must be completed by **JANUARY 14, 2011**, on pain of preclusion under FRCP 37(c), including full and faithful compliance with FRCP 26(a)(1)(A)(iii). . . .
>
> The last date to file dispositive motions shall be **NOVEMBER 3, 2011**. . . .
>
> Defendant is free to file an early motion for summary judgment, together with its proposed "administrative record," and based thereon to move in parallel for a stay of discovery. The ["]administrative record" must be accompanied by a declaration explaining how it was constructed, what was left out and what was put in, and why. The opposition to any such motion should [] lay out, pursuant to Rule 56(f), the specific discovery that would be needed to meet the issues raised by the summary judgment motion. Even if discovery is allowed, it may wind up being limited to the actual needs of the case as shown by the motion. *In the meantime, there is no specific limit on discovery*.

(Dkt. No. 13 (italics added)). In other words, the program laid out in no uncertain terms was that the parties would engage in a regular case management process with a regular set of deadlines for initial disclosures, discovery, summary judgment, and trial, with discovery proceeding in the normal course. But overlaid on that schedule was defendants' option to file an early motion for summary judgment based on the administrative record, at which time it would be resolved

3

1  whether the parties could proceed solely on that record or not. Again, "in the meantime, there is
2  no specific limit on discovery."

3  Defendants could have complied with this plan or filed a motion for clarification. They
4  did not do so. Instead, they decided to decline to name any witnesses in their initial disclosures.
5  Section I of their initial disclosures, titled "Individuals Likely to Have Discoverable Information
6  to Support Claims or Defenses," did not identify any witnesses. It instead stated: "This action
7  should be decided on the Administrative Record which will be prepared and filed by Defendant
8  State prior to the determination of any dispositive motion in the case. . . . No discovery of
9  individuals or of entities is necessary in this action" (Gregory Decl. Exh. 3). Plaintiffs' counsel
10 gave defendants an opportunity after the deadline to amend their initial disclosures to name
11 witnesses (*id.* Exh. 4). They would not do so (*id.* Exh. 5).

12 Plaintiffs' counsel then brought the instant motion pursuant to FRCP 37. Under FRCP
13 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a)
14 or 26(e), the party is not allowed to use that information or witness to supply evidence on a
15 motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

16 Defendants argue that "this Court ordered the parties to provide initial disclosures as
17 required by F.R.C.P. 26, yet expressly left open the question of the extent to which this case
18 would be decided solely on the administrative record" (Opp. 1). Just so. Yet, rather than
19 comply with FRCP 26, defendants chose to put all their eggs in the administrative-record basket,
20 and assume that the Court had already blessed their plan of proceeding only on such record. Not
21 so. It was clear from the proceedings recounted above that the onus was on defendants to get
22 permission for the administrative-record plan via an early motion for summary judgment, and
23 that in the meantime initial disclosures were due and discovery would proceed in the normal
24 course.

25 Now that defendants have proceeded as if the administrative-record plan was already
26 blessed by the Court, they can continue on that course and hope that they get such blessing. If
27 they do not, they have handicapped themselves from using any witnesses pursuant to FRCP 37.
28

4

In other words, by the clear terms of FRCP 37, they are "not allowed to use [witnesses] to supply evidence on a motion, at a hearing, or at a trial."

Defendants argue that this finding would be premature, because this order cannot yet determine whether "the failure was substantially justified or is harmless." FRCP 37(c)(1). Not so. The failure was not substantially justified; defense counsel deliberately chose to ignore the case management plan set out by this Court at the case management conference. And the failure was not harmless. While defendants have bided their time for filing their administrative-record summary judgment motion for months, plaintiffs' counsel are attempting to proceed with discovery, as contemplated by this Court's plan. They have been prejudiced by defense counsel's decision to withhold initial disclosures from them, the whole purpose of which is to aid plaintiffs in their discovery effort.

The assigned judge makes clear at his case management conferences and through his case management scheduling orders that parties must take the preclusive effect of FRCP 37(c) seriously, as it will be enforced according to its terms. Although this order does not prevent defendants from filing their summary judgment motion based on the administrative record, if such motion does not resolve this case, defendants will be and are "not allowed to use [witnesses] to supply evidence on a motion, at a hearing, or at a trial."

For the reasons stated, plaintiffs' motion is **GRANTED**. The hearing on this motion noticed for May 12 is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5