UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BESS BAIR; et al., | No. 3:10-CV-04360 WHA (NJV) |
| Plaintiffs, | REPORT AND RECOMMENDATION RE REFERRAL FOR VIEW OF REDWOOD TREES |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION, CINDY McKIM, in her official capacity as Director of the State of California Department of Transportation, | (Doc. No. 118) |
| Defendants. / | |

On February 24, 2012, District Judge William Alsup issued an order referring this case to the undersigned to conduct a view of redwood trees at issue in the litigation. (Docket No. 118.) In his order, District Judge Alsup stated that the purpose of the view was to resolve the following questions:

1. What is the diameter of the redwood tree alleged by Caltrans to be 84 inches and alleged by Dr. McBride to be 103 inches;
2. Whether or not it is true that old growth redwoods were omitted from the Caltrans maps and analysis as alleged by Dr. McBride in his declaration, such alleged omissions to be selected by plaintiffs as per the instructions in this order; and
3. Whether or not old growth redwoods were omitted from Caltrans' maps and analysis, and, if so, what are the diameters of those trees?

*Id*. at 1 - 2.

The view took place on March 5, 2012, at Richardson Grove State Park. Present at the view were Plaintiffs' Counsel Sharon Eileen Duggan and Stuart George Goss, and Plaintiffs' experts Joe R. McBride and Rob Huffman. Also were present were Defendants' Counsel Janet Y. Wong and Lucille Baca, and Defendants' experts Rick Beal, Kim Floyd, and Darin Sullivan. The view was

videotaped by Jeff Cox of Holdrege and Kull, Consulting Engineers. The parties measured the five trees selected by Plaintiffs, plus the tree referred to in District Judge Alsup's first question. Based on the view, the Court finds as follows.

**First Tree Measured**

It was undisputed that the first tree measured was the tree to which Dr. McBride assigned number 107. It was also undisputed that this tree is depicted on sheet number 18 of Appendix L Project Plans, filed herewith as Court's Exhibit A (hereinafter "Exhibit A"). Following measurement of the tree by Dr. McBride, the parties agreed that the diameter at breast height ("D.B.H.") of the tree is 66.5 inches. The parties also agreed that the distance from the tree to the "line of work," depicted on the map as being close to the existing edge of the pavement, is 21 feet.

The parties agreed that the tree appears on the Caltrans map. Plaintiffs argued that the DBH of the tree does not appear on the map. The Court finds that on the Caltrans map, directly adjacent to tree marked number 107 by Dr. McBride, are tiny numerals reading "5.00'."

**Second Tree Measured**

It was undisputed that the second tree measured was the tree to which Dr. McBride assigned number 20, and that it is depicted on sheet number 7 of Exhibit A. Following measurement of the tree by Dr. McBride, the parties agreed that the DBH of the tree is 138 inches. The parties also agreed that the distance from the tree to the existing edge of the pavement is 27 feet.

The parties agreed that the tree appears on the Caltrans map. Plaintiffs argued that the DBH of the tree does not appear on the map. The Court finds that on the Caltrans map directly touching the tree marked number 20 by Dr. McBride are tiny numerals reading "11.50'."

**Third Tree Measured**

It was undisputed that the third tree measured was the tree to which Dr. McBride assigned number 17, and that it is depicted on sheet number 8 of Exhibit A. Following measurement of the tree by Dr. McBride, the parties agreed that the DBH of the tree is 104 inches. The parties also agreed that the distance from the tree to the existing edge of the pavement is 11.6 feet. The Court finds that on the Caltrans map directly touching the tree marked number 17 by Dr. McBride are tiny numerals which are illegible.

**Fourth Tree Measured**

The parties agreed that the fourth tree measured was the tree to which Dr. McBride assigned number 81. However, the location of the fourth tree viewed is in dispute. Dr. McBride located this tree on sheet number 7 of Exhibit A. Defendants, however, argue that no trees exist at the location where Dr. McBride has indicated tree number 81 stands. Rather, Defendants argue that the tree in question is depicted on sheet number 8 of Exhibit A. It appears to the undersigned that the fourth tree measured is depicted on sheet number 8. The undersigned has indicated this on sheet number 8 by placing an arrow and the number "81" next to the tree measured by the parties.

The parties agreed that the DBH of this tree is 75 inches. The parties also agreed that the distance from this tree to the existing edge of the pavement is 39.7 feet.

**Fifth Tree Measured**

It was undisputed that the fifth tree measured was the tree to which Dr. McBride assigned number 92. It was also undisputed that this tree is not shown on the Caltrans map. However, Dr. McBride has marked the location of the tree on sheet number 9 of Exhibit A.

The parties agreed that the DBH of this tree is 48.8 inches. The parties also agreed that the distance from this tree to the existing edge of the pavement is 14.6 feet.

**Sixth Tree Measured**

The parties agreed that the sixth tree measured was the tree to which Dr. McBride assigned number 10. However, the location of the sixth tree is in dispute. Dr. McBride located this tree on sheet number 9 of Exhibit A. Defendants, however, argue that the tree in question is depicted on sheet number 10. Plaintiffs argue that there is no DBH indicated on the tree Dr. McBride depicted on sheet number 9, which Defendants argue is actually located on sheet number 10.

It appears to the undersigned that the sixth tree measured is depicted on sheet number 10. The undersigned has indicated this on sheet number10 by placing an arrow and the number "10" next to the tree measured by the parties. The undersigned finds that directly adjacent to this tree are the numerals, "6.00'."

The parties agreed that the DBH of this tree is 95 inches. The parties agreed that the distance from the tree to the existing edge of the pavement is 3.7 feet.

3

**Judge Alsup's Questions**

Based on the foregoing, the Court finds as follows as to the questions posed by District Judge Alsup:

1. What is the diameter of the redwood tree alleged by Caltrans to be 84 inches and alleged by Dr. McBride to be 103 inches?

   The parties agreed that the tree in question is the tree marked number 17 by Dr. McBride, the third tree measured during the view. As set forth above, the DBH of that tree is 104 inches.

2. Whether or not it is true that old growth redwoods were omitted from the Caltrans maps and analysis as alleged by Dr. McBride in his declaration.

   The parties agreed that the fifth tree measured, the tree assigned number 92 by Dr. McBride, was omitted from the Caltrans map.[1] Further, as set forth above, the parties dispute the location of the fourth and sixth trees viewed.

3. Whether or not old growth redwoods were omitted from Caltrans' maps and analysis, and, if so, what are the diameters of those trees?

   Of the trees viewed, the only tree the parties agreed was omitted from the Caltrans maps was the fifth tree measured, the tree assigned number 92.

Any party may file objections to this Report and Recommendations with District Judge Alsup within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed.R.Civ.Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal from the District Court's order.

Dated: March 12, 2012

NANDOR J. VADAS
United States Magistrate Judge

---

[1] The undersigned expresses no opinion as to whether the trees viewed constitute "old growth redwoods."