JOSEPH W. COTCHETT
(SBN 36324; jcotchett@cpmlegal.com)
PHILIP L. GREGORY
(SBN 95217; pgregory@cpmlegal.com)
PAUL N. MCCLOSKEY
(SBN 24541; pmccloskey@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:   (650) 697-6000
Facsimile:   (650) 697-0577

KEVIN P. BUNDY
(SBN 231686; kbundy@biologicaldiversity.org)
**CENTER FOR BIOLOGICAL DIVERSITY**
351 California Street, Suite 600
San Francisco, CA  94104
Telephone:   (415) 436-9682
Facsimile:   (415) 436-9683

SHARON E. DUGGAN
(SBN 105108; foxsduggan@aol.com)
**ATTORNEY AT LAW**
370 Grand Avenue, Suite 5
Oakland, CA  94610
Telephone:   (510) 271-0825
Facsimile:   (510) 271-0829

STUART G. GROSS
(SBN 251019; sgross@gross-law.com)
**GROSS LAW**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA  94111
Telephone:   (415) 671-4628
Facsimile:   (415) 480-6688

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BESS BAIR**, *et al.*, <br><br>        Plaintiffs, <br>    v. <br><br>**STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION**; and **CINDY McKIM**, in her official capacity as Director of the State of California Department of Transportation, <br><br>        Defendants. | Case No. 3:10-cv-04360 WHA <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES UNDER CIVIL LOCAL RULES 3-12 AND 7-11** |

**ADMINISTRATIVE MOTION FOR RELATED CASE**

## NOTICE OF ADMINISTRATIVE MOTION AND MOTION

PLEASE TAKE NOTICE that Counsel for Plaintiffs Environmental Protection Information Center and Center for Biological Diversity (collectively "Plaintiffs") submit this Administrative Motion to Relate Cases. Because the instant case, *Bair, et al., v. State of California Department of Transportation, et al.* ("*Bair*"), Case No. 3:10-cv-04360 WHA, and the recently filed case, *Souza, et al.* ("*Souza*")*, v. State of California Department of Transportation, et al.*, Case No. 13-cv-04407 SC, concern substantially the same parties and events and judicial resources would be conserved if the two cases were adjudicated by one judge, Plaintiffs notify the Court that pursuant to Civil Local Rules 3-12 and 7-11 *Bair* and *Souza* are related and seek an order relating them to one another. Pursuant to Civil Local Rule 7-11, Plaintiffs sought that Defendants in *Bair* and *Souza* stipulate to the relief requested, but were unsuccessful in this regard. Declaration of Philip Gregory in Support of Administrative Motion for Related Case ("Gregory Decl."), ¶ 3.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court enter an order finding that *Bair* and *Souza* are related under Civil Local Rule 3-12.

## INTRODUCTION

The instant case, *Bair*, and *Souza* – which was filed in the Northern District of California on September 23, 2013,  *see* Gregory Decl., ¶ 5 – both challenge different components of what is fundamentally a single project by the State of California Department of Transportation ("Caltrans") to create a network of roads in rural Northwestern California on which large "STAA" trucks can travel from the Oregon border to the San Francisco Bay area ("NW California STAA Network Project"). Both cases accordingly involve substantially the same parties and events and judicial resources would be conserved if both cases were adjudicated by a single judge.

## *BAIR* AND *SOUZA* ARE RELATED UNDER CIVIL LOCAL RULE 3-12

An action is related to another action when (1) both actions concern substantially the same parties *or* events and (2) if "[i]t appears likely that there will be an unduly burdensome

1

**ADMINISTRATIVE MOTION FOR RELATED CASE**

duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12.  Both criteria are met here.

**A.     *Bair* and *Souza* Concern the Substantially the Same Parties *and* Events**

*Bair* and *Souza* concern substantially the same parties *and* substantially the same events, thus more than satisfying the requirements of Civil Local Rule 3-12(a)(1).

**1.     *Bair* and *Souza* Concern Substantially the Same Parties**

Caltrans is the primary defendant in both cases; and, in both cases, two of the three organizational plaintiffs are the Environmental Protection Information Center and the Center for Biological Diversity. Gregory Decl., ¶ 4.

**2.     *Bair* and *Souza* Concern Substantially the Same Events**

Both *Bair* and *Souza* concern Caltrans' project to develop a network of roads in rural Northwestern California on which larger "STAA" truck are allowed to travel from the Oregon border to the San Francisco Bay Area – the NW California STAA Network Project – and Caltrans' failure to adequately the impacts of the project in Humboldt, Mendocino, and Del Norte counties. *See, e.g. Bair* Complaint, ¶¶ 64, 69, 73, 102; Gregory Decl., **Ex. 1** ("*Souza* Complaint"), ¶¶ 7, 123-125. As alleged in both Complaints, Caltrans has, contrary to its legal obligations, failed to analyze the impacts of the NW California STAA Network Project, as whole, but rather has chosen to analyze the  project in a piecemeal fashion, without regard for the project's potential cumulative impacts throughout Mendocino, Humboldt and Del Norte Counties. *See Souza* Complaint, ¶ 123; *Bair* Complaint, ¶ 69. Thus, while *Bair* addresses Caltrans' failure to adequately analyze the impacts arising out of the roadwork called for by the NW California STAA Network Project in the vicinity of the Richardson Grove State Park, *see id.*, ¶ 1, and *Souza* addresses Caltrans' failure to adequately analyze the impacts arising out of the roadwork called for by the NW California STAA Network Project in the vicinity of the Smith River, *see Souza* Complaint, ¶ 1, both case fundamentally concern Caltrans' larger effort to build a network of a network of roads in rural Northwestern California on which larger STAA truck are allowed to travel from the Oregon border to the San Francisco Bay Area and Caltrans' failure to adequately

2

**ADMINISTRATIVE MOTION FOR RELATED CASE**

1  analyze the impacts of that larger project. *See, e.g. Bair* Complaint, ¶¶ 64, 69, 73, 102; *Souza*

2  Complaint, ¶¶ 7, 123-125.

3  Accordingly, there are significant overlap in the legal claims brought in the two cases as

4  well. *Souza* is an action brought under Administrative Procedure Act ("APA"), alleging *inter alia*

5  that Caltrans acted in a manner that was arbitrary and capricious and/or otherwise in violation of

6  the law including the National Environmental Policy Act ("NEPA"). *Souza* Complaint, ¶ 224-

7  241. *Bair* is also an action brought under APA, alleging *inter alia* that Caltrans acted in a manner

8  that was arbitrary and capricious and/or otherwise in violation of the law including the NEPA.

9  *Bair* Complaint, ¶ 96-118. More specifically, the APA/NEPA claims made against Caltrans in

10  both cases arise *inter alia* from the failure by Caltrans to adequately evaluate the impacts of the

11  larger effort being pursued by Caltrans to establish an STAA truck network throughout

12  Northwestern California – the NW California STAA Network Project – of which the planned

13  roadwork in the vicinity of Richardson Grove State Park and the Smith River are but one of

14  several components being implemented and/or pursued as part of this larger project. *See, e.g.,*

15  *Souza* Complaint, ¶¶ 121-123; *Bair* Complaint, ¶¶ 73, 102.

16  **B.    IT COULD SAVE JUDICIAL RESOURCES TO RELATE THE CASES**

17  Pursuant to Local Rule 3-12(a)(2), it appears likely that there could be an unduly

18  burdensome duplication of labor and expenses if the cases were conducted before different

19  judges, and doing so would create the risk of conflicting results. In adjudicating both cases, the

20  Court would be called on to consider Caltrans' performance of its duties under NEPA to properly

21  evaluate the environmental impacts of the NW California STAA Network Project, as a whole,

22  and to protect against piecemeal review to ensure protection of the natural environment and

23  precious public resources. Therefore, it will be more efficient and protect against conflicting

24  results for these two cases to proceed before the same Judge so that these analyses and

25  determinations are made by one Court.

26  / / /

27  / / /

28

3

**ADMINISTRATIVE MOTION FOR RELATED CASE**

**CONCLUSION**

The actions referred to above satisfy the criteria of Rule 3-12. Therefore, Plaintiffs respectfully request the Court issue an order relating *Souza, et al., v. State of California Department of Transportation, et al.*, Case No. 13-cv-04407 to *Bair, et al., v. State of California Department of Transportation, et al.*, Case No. 3:10-cv-04360.

Dated:  October 23, 2013                                           **COTCHETT, PITRE & MCCARTHY, LLP**


                                                                                By:   */s/ Philip L. Gregory*
                                                                                       **PHILIP L. GREGORY**
                                                                                       *Attorneys for Plaintiffs*

**ADMINISTRATIVE MOTION FOR RELATED CASE**