JOSEPH W. COTCHETT
(SBN 36324; jcotchett@cpmlegal.com)
PHILIP L. GREGORY
(SBN 95217; pgregory@cpmlegal.com)
PAUL N. MCCLOSKEY
(SBN 24541; pmccloskey@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:     (650) 697-6000
Facsimile:      (650) 697-0577

KEVIN P. BUNDY
(SBN 231686; kbundy@biologicaldiversity.org)
**CENTER FOR BIOLOGICAL DIVERSITY**
351 California Street, Suite 600
San Francisco, CA  94104
Telephone:     (415) 436-9682
Facsimile:      (415) 436-9683

SHARON E. DUGGAN
(SBN 105108; foxsduggan@aol.com)
**ATTORNEY AT LAW**
370 Grand Avenue, Suite 5
Oakland, CA  94610
Telephone:     (510) 271-0825
Facsimile:      (510) 271-0829

STUART G. GROSS
(SBN 251019; sgross@gross-law.com)
**GROSS LAW**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA  94111
Telephone:     (415) 671-4628
Facsimile:      (415) 480-6688

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BESS BAIR**, *et al.*, <br><br>  Plaintiffs, <br> v. <br> **STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION**; and **CINDY McKIM**, in her official capacity as Director of the State of California Department of Transportation, <br><br>  Defendants. | Case No. 3:10-cv-04360 WHA <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELATED CASE** <br><br> (National Environmental Policy Act; Wild and Scenic Rivers Act; Administrative Procedure Act) <br><br> Hearing Date:  September 18, 2014 <br> Time:                 8:00 a.m. <br> Courtroom:       9 <br> Judge:               Hon. William H. Alsup |

**ADMINISTRATIVE MOTION FOR RELATED CASE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Counsel for Plaintiffs Bess Bair, Trisha Lee Lotus, Bruce Edwards, Jeffrey Hedin, Environmental Protection Information Center, the Center for Biological Diversity, and Californians for Alternatives to Toxics (hereinafter collectively referred to as "Plaintiffs") submit this Administrative Motion for Related Case. Because of substantially similar parties and events, as well as the conservation of judicial resources, Plaintiffs notify the Court that *Bair, et al., v. State of California Department of Transportation, et al.*, Case No. 3:14-cv-03422 EDL, is related to *Bair, et al., v. State of California Department of Transportation, et al.*, Case No. 3:10-cv-04360 WHA, pursuant to Civil Local Rules 3-12 and 7-11.

**A.   INTRODUCTION**

The complaint for *Bair, et al., v. State of California Department of Transportation, et al.*, Case No. 3:14-cv-03422 EDL (hereinafter "*Bair II*") was filed in the Northern District of California on <u>July 28, 2014</u>. *Bair II* meets the requirements of Civil Local Rule 3-12 to be related to *Bair, et al., v. State of California Department of Transportation, et al.* (hereinafter "*Bair I*"), which was filed on <u>September 27, 2010</u>.

**B.   THE CASES ARE RELATED**

An action is related to another action when both actions concern substantially the same parties or events and if "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12. Both of these factors apply here.

**1.   BOTH ACTIONS CONCERN THE SAME PARTIES AND EVENTS**

*Bair II* is a follow-on action to *Bair I*, both actions proceeding under the Administrative Procedure Act and the National Environmental Policy Act ("NEPA") (42 U.S.C. § 4321 *et seq*.). *Bair II* Complaint, ¶ 39-40. Both actions involve substantially identical parties and events,

1

**ADMINISTRATIVE MOTION FOR RELATED CASE**

pursuant to Local Rule 3-12(a)(1). Bess Bair, Trisha Lee Lotus, Bruce Edwards, Jeffrey Hedin, Environmental Protection Information Center, the Center for Biological Diversity, and Californians for Alternatives to Toxics are Plaintiffs and the State of California Department of Transportation ("Caltrans") is a Defendant in both actions. Plaintiffs Environmental Protection Information Center, the Center for Biological Diversity, and Californians for Alternatives to Toxics are each non-profit conservation organizations dedicated to protection of the environment and its natural resources, including California's water, biological, recreational, and aesthetic resources and values, and particularly irreplaceable resources including ancient Redwood trees. *Bair I* Complaint, ¶¶ 24, 25; *Bair II* Complaint, ¶¶ 32-34.

The alleged injuries in both actions are related to Caltrans' development of and failure to evaluate a Northern California STAA Network access project, with related STAA access projects in Humboldt and Mendocino counties. On September 18, 2013, Caltrans issued a document it titled "Supplement to the Final Environmental Assessment" ("Supplement to the Final EA") for a proposed highway widening project (the "Proposed Project"), through the ancient old growth redwoods of Richardson Grove State Park ("Richardson Grove" or the "Park"), which Caltrans improperly named the "Richardson Grove Operational Improvement Project." On January 24, 2014, Caltrans approved its Supplement to the Final EA, finding that its original Environmental Assessment ("EA") Finding of No Significant Impact ("FONSI," collectively with the EA, "EA/FONSI"), approved on May 18, 2010, remained valid. Caltrans published notice of its approval of the Proposed Project based thereon in the Federal Register on February 26, 2014. *Bair II* Complaint, ¶ 1.

Plaintiffs in *Bair I* challenged these now "reevaluated" May 18, 2010 decisions by Caltrans. In *Bair I*, the Court first issued a preliminary injunction stopping the Proposed Project and, on April 4, 2012, issued an Order granting summary judgment to the Plaintiffs (the "*Bair I*

2
**ADMINISTRATIVE MOTION FOR RELATED CASE**

Order") due to serious questions about whether Caltrans truly took "a 'hard look' at the effects of the project" and made "an informed decision," as required by NEPA. *Bair I* Order at 8, 9. The Court in *Bair I* ordered that Caltrans prepare:

> "a revised EA that corrects the data inaccuracies identified above and assesses the impacts of the project through the lens of a correct analysis . . . Alternatively, Caltrans may proceed directly to conducting an EIS."

*Id.*, at 10. *Bair II* Complaint, ¶ 2.

As the foregoing makes clear, the concern of the Court in *Bair I* was not limited to the data inaccuracies in-and-of-themselves; rather, it was concerned with the effects that such erroneous data had on the analyses based thereon. Thus, in remanding the matter to Caltrans "to prepare a revised EA and record in accordance with the instructions above," *id.* at 12, the Court in *Bair I* intended Caltrans not simply correct its data errors but also correct the analyses based on that data. The *Bair* Court further instructed: "In its revised EA (or EIS), Caltrans should give serious consideration to the other significant arguments made by plaintiffs in their motion." *Id.* at 10. *Bair II* Complaint, ¶ 3.

The complaint in *Bair II* arose because Caltrans ignored the instructions of the Court in *Bair I*, and instead issued a *supplement* to the EA/FONSI in which it sought to correct some of the data errors but did not address the analyses that were based on the erroneous data. Indeed, those analyses and the conclusions based thereon remain unchanged and were explicitly revalidated by Caltrans. Furthermore, there is nothing in the Supplement to the Final EA that indicates Caltrans considered any of the other issues raised by Plaintiffs in *Bair I*. The Supplement to the Final EA states that—aside from data corrections, minor revisions concerning the Proposed Project's impacts on the marbled murrelet, and a revision concerning a guardrail contained therein— "all other information and chapters in the original Final EA remain accurate." Furthermore, Caltrans expressly refused to consider or respond to public comments and concerns about the very same significant arguments raised by the Plaintiffs in *Bair I*. *Bair II* Complaint, ¶ 4.

The complaint in *Bair II* goes on to allege that the shortcomings in Caltrans' response to the Order of the Court in *Bair I* are symptomatic of the haphazard and slipshod manner in which

3

**ADMINISTRATIVE MOTION FOR RELATED CASE**

Caltrans has observed (or failed to observe) its obligations to analyze the environmental impacts of the Proposed Project.  Caltrans insists on improperly risking destruction of California's most important public resources, ancient redwoods, in order to make it easier for large commercial trucks to pass through state parks, and refuses to meet its legal obligations to adequately analyze the environmental impacts thereof.  *Bair II* Complaint, ¶ 5.

The complaint in *Bair II* also alleges that, despite the probable destruction that Caltrans admits would likely be caused to the ancient redwoods in the Grove and other impacts on the human environment the Proposed Project would create, Caltrans has, through its adoption and revalidation of a FONSI, attempted to railroad the Proposed Project through without adequately studying its potentially severe and permanent human environmental consequences and without explaining or justifying the Proposed Project's purpose or need.  The complaint in *Bair II* alleges that Caltrans failed to meet a list of requirements under NEPA and Section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 303, also codified at 28 U.S. § 138, the Wild and Scenic Rivers Act (16 U.S.C. § 1271 *et seq.*), and the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801, *et seq*.  *Bair II* Complaint, ¶ 11.

The Order of the Court in *Bair I* also stated that Caltrans "should give serious consideration to the other significant arguments made by plaintiffs in their motion." *Bair I* Order, at 10.  Yet the "Supplement" shows that Caltrans failed to give **any** "consideration to the other significant arguments made by plaintiffs in their motion" and expressly refused to consider or respond to public comments and concerns about the very same significant arguments raised by the Plaintiffs in *Bair I*. *Bair II* Complaint, ¶ 14.

On January 24, 2014, Caltrans approved its "Supplement" to the Final EA and Reevaluation of the FONSI, finding that its original EA and FONSI remained valid.  Caltrans published notice of its approval in the Federal Register on February 26, 2014. *Bair II* challenges those actions and reasserts claims from 2010 because Caltrans continues to violate the law in its reliance on and validation of its 2010 actions. *Bair II* challenges the final agency actions as announced in the Federal Register on February 26, 2014, 79 Fed. Reg. No. 38, at 10870. *Bair II* Complaint, ¶ 15.

### 2. RELATING BOTH ACTIONS WOULD SAVE JUDICIAL RESOURCES

Pursuant to Local Rule 3-12(a)(2), it appears likely that there could be an unduly burdensome duplication of labor and expenses if the cases are conducted before different Judges. In reviewing both cases, the Court would consider Caltrans' performance of its duties under the Administrative Procedure Act and the National Environmental Policy Act to properly evaluate the environmental effects of the Richardson Grove Project, as well as the extensive STAA network project, and protect against piecemeal review to ensure protect the natural environment and precious public resources. Therefore, it will be more efficient for these two cases to proceed before the same Judge so that these analyses and determinations are made by one Court.

### C. CONCLUSION

The actions referred to above satisfy the criteria of Rule 3-12. Therefore, Plaintiffs respectfully request the Court relate *Bair II* to *Bair I* and assign *Bair I* to the Honorable William H. Alsup.

Dated:  August 15, 2014                    **COTCHETT, PITRE & MCCARTHY, LLP**

By: /s/_____
         PHILIP L. GREGORY

*Attorneys for Plaintiffs*